**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000416
12-JUL-2012
08:13 AM**

NO. CAAP-11-0000416

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


ALDEN JAMES ARQUETTE,
Plaintiff-Appellant/Cross-Appellee,
v.
STATE OF HAWAI‘I, STEVEN H. LEVINS, MICHAEL J.S. MORIYAMA,
Defendants-Appellees/Cross-Appellants
and
JOHN DOES 1-25, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-0118)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise, and Leonard, JJ.)

Plaintiff-Appellant/Cross-Appellee Alden James Arquette (Arquette) appeals from the Amended Final Judgment entered April 19, 2011 in the Circuit Court of the First Circuit[1] (circuit court).  Judgment was entered in favor of Defendant-Appellee/Cross-Appellant State of Hawai‘i (the State), Stephen H. Levins (Levins), and Michael J.S. Moriyama (Moriyama) (collectively, Defendants) pursuant to the (1) March 29, 2010 order granting Defendants' motion for summary judgment as to all claims arising from the initiation of its action against Arquette and the (2) June 30, 2010 order granting Defendants' motion for

---

[1]  The Honorable Karl K. Sakamoto presided, except as otherwise indicated.

summary judgment as to all claims arising from the maintenance of the action against Arquette. Judgment was also entered pursuant to the August 23, 2010 "Order Granting [Arquette's] Motion for Review and/or To Set Aside Taxation of Costs" (Order re Taxation of Costs), in which the court denied some of the costs sought by Defendants.

Defendants cross-appeal from the Judgment's entry of the Order re Taxation of Costs.

On appeal, Arquette contends the circuit court erred when it determined that

(1) Defendants had sufficient evidence to establish probable cause to initiate prosecution against Arquette when there was a genuine issue of material fact as to that issue;

(2) Hawaii Revised Statutes (HRS) § 487-1 (2008 Repl.) did not create a private right of action for a claim of negligence against the State Department of Commerce and Consumer Affairs (DCCA) Office of Consumer Protection (OCP); and

(3) Hawaiʻi limits the tort of malicious prosecution to the initiation, but not the maintenance, of a cause of action against an individual.

In its cross-appeal, Defendants contend the circuit court erred in denying several of Defendants' costs taxed by the Clerk in favor of Defendants as the prevailing party. Defendants assert the circuit court erred because the court failed to provide any reasoning for its ruling and Arquette had provided no evidence upon which the court could base its ruling.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Arquette's and Defendants' points of error as follows:

(1) The circuit court did not err when it determined Defendants had sufficient evidence to establish probable cause to initiate prosecution against Arquette. "Probable cause does not

2

depend on the actual state of the facts but upon the honest and reasonable belief of the party commencing the action." Brodie v. Hawai'i Auto. Retail Gasoline Dealers Ass'n, Inc., 2 Haw. App. 316, 318-319, 631 P.2d 600, 602-603 (1981), rev'd on other grounds by Brodie v. Hawai'i Auto. Retail Gasoline Dealers Ass'n, Inc., 65 Haw. 598, 655 P.2d 863 (1982). As evidenced in his affidavit, OCP attorney Moriyama reasonably believed he had probable cause to initiate the complaint against Arquette and others:

> 10. [In or around November 2001], the various investigations [by OCP, Insurance Division, and SEB] indicated that Dan Fox (Fox) and other persons were selling large deferred annuities to elderly Hawaii consumers using the purported estate planning services of attorney Rodwin Wong (Wong) as a ruse to bait consumers and obtain specific information, such as institution names and account numbers, about the consumers' finances. The financial information obtained from consumers was used by [Fox] and others to identify and quantify specific assets of the consumers which were liquidated to purchase annuities. Information showed that the annuities had long deferral periods meaning that consumers would not receive the annuitized payouts before the deferral period expired and the annuities matured and that consumers might have to pay significant early withdrawal penalties if they needed cash before the early withdrawal penalty period expired. As a result, if a consumer was eighty (80) years old, and his or her annuity had a twenty (20)-year deferral period, the annuity would not mature until the consumer was one hundred (100) years old. Information obtained through the various investigations indicated that hundreds (100s) of Hawaii consumers, including elderly consumers, may have been victimized.

> 11. . . . OCP actively investigated this scheme involving Arquette for two and one-half (2½) years before litigation was commenced with the approval of [Moriyama's] supervisors.
> . . . .

> 24. Prior to filing the lawsuit, [Wong] personally told [Moriyama] during an interview that the fees purportedly collected for his estate planning services went directly to [Fox] and [Fox] then paid [Wong] a portion of those fees. . . . [Wong] said that the "paralegals" operated under the direction of [Fox]. OCP's investigation revealed that [Fox], Arquette and others acted on the pretext of being "paralegals" offering estate planning advice under the supervision of a licensed attorney, [Wong].

Also supporting Moriyama's reasonable belief was the evidence that Arquette's business cards identified Arquette as a paralegal for Wong but listed the address and phone number of

Fox's insurance sales company. Documents purporting to be from Wong's law office also listed Fox's address and phone number. Moriyama reasonably believed he had probable cause to file the OCP complaint.

(2) The circuit court did not err when it determined HRS § 487-1 did not create a private right of action for a claim of negligence against the State. HRS § 487-1 charges OCP with the responsibility to pursue "a strong and effective consumer protection program to protect the interests of both the consumer public and the legitimate business person." The OCP represents and protects the State, its counties, and the general public. HRS § 487-5 (1993). Among its duties, the OCP Director shall "[i]nvestigate reported or suspected violations of laws enacted and rules adopted for the purpose of consumer protection and shall enforce such laws and rules by bringing civil actions or proceedings[.]" HRS § 487-5(6).

In determining whether a statute provides for a private cause of action, the Hawai'i Supreme Court has applied the following criteria:

> First, is the plaintiff "one of the class for whose especial benefit the statute was enacted"—that is, does the statute create a right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?

Cnty. of Hawai'i v. Ala Loop Homeowners, 123 Hawai'i 391, 407, 235 P.3d 1103, 1119 (2010) (ellipses and brackets omitted) (quoting Pono v. Molokai Ranch, Ltd., 119 Hawai'i 164, 185, 194 P.3d 1126, 1147 (App. 2008)). The determinative factor is whether the legislature intended a private right of action. Whitey's Boat Cruises, Inc. v. Napali-Kauai Boat Charters, Inc., 110 Hawai'i 302, 313 n. 20, 132 P.3d 1213, 1224 n. 20 (2006). Arquette fails to cite any legislative history supporting his contention that HRS § 487-1 established a private right of action, and we find none.

4

(3) The circuit court did not err when it determined Hawai'i does not recognize a tort of maintaining, not just initiating, a malicious prosecution case. Arquette contends Defendants were guilty of malicious prosecution for *maintaining* the case against him after further investigation allegedly revealed Defendants lacked probable cause. As discussed, Defendants did not lack probable cause to initiate and pursue its claims against Arquette. Furthermore, Young v. Allstate Ins. Co., 119 Hawai'i 403, 198 P.3d 666 (2008) clearly indicates that malicious prosecution is limited to the initiation of an action against a defendant. Id. at 416-18, 198 P.3d at 679-81 (stating that the tort of malicious prosecution "remedies harms resulting from the *initiation* of a lawsuit") (emphasis in original). The circuit court correctly declined to expand the tort of malicious prosecution beyond the initiation of an action to the maintenance of an action.

(4) The circuit court erred in denying several of Defendants' costs taxed by the Clerk in favor of Defendants as the prevailing party when (1) the court did not state any reason for denying the costs and (2) Arquette did not provide any evidence upon which the court could base its ruling.

"The award of a taxable cost is within the discretion of the circuit court and will not be disturbed absent a clear abuse of discretion." Pulawa v. GTE Hawaiian Tel, 112 Hawai'i 3, 10-11, 143 P.3d 1205, 1212-13 (2006). Hawai'i Rules of Civil Procedure Rule 54(d)(1) provides that costs other than attorney's fees "shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" The presumption is that costs will be awarded to the prevailing party. Wong v. Takeuchi, 88 Hawai'i 46, 52, 961 P.2d 611, 617 (1998). It is the losing party's burden to show that such an award would be inequitable. Id. If the court denies costs, it must give an adequate reason for doing so, "unless the circumstances justifying denial of costs are plain from the record." Id.

5

HRS § 607-9 (1993) provides a partial, though not inclusive, list of costs that may be allowed in taxation of costs to the prevailing party:

> All actual disbursements, including but not limited to, intrastate travel expenses for witnesses and counsel, expenses for deposition transcript originals and copies, and other incidental expenses, including copying costs, intrastate long distance telephone charges, and postage, sworn to by an attorney or a party, and deemed reasonable by the court, may be allowed in taxation of costs. In determining whether and what costs should be taxed, the court may consider the equities of the situation.

Defendants submitted its notice of taxation of costs for mediation, deposition transcripts, records depositions, and transcript of proceedings of the March 2, 2010 motion for summary judgment. The circuit court, referring to its discretion to "look at the equities of the situation," granted Arquette's request to disallow the mediation fee, the records depositions, and Arquette's deposition.

Arquette failed to make any showing that the award of costs to Defendants would be inequitable. He claimed he had incurred substantial damages but failed to provide any evidence to support the claim.

Arquette cites to Geldert v. State, 3 Haw. App. 259, 649 P.2d 1165 (1982) to support the proposition that because Defendants "did not use, rely upon, or otherwise present" certain record depositions and deposition transcripts as evidence, the circuit court correctly disallowed the costs.

However, as stated in Geldert,

> [The appellate court is] inexorably led to the conclusion that the cost of depositions is taxable when deemed reasonable, and the trial court has the discretion of determining what is reasonable.
>
> However, we disagree with plaintiffs who equate reasonableness with actual use during trial. We believe that the reasonableness test should be whether the depositions were "necessarily obtained for use in the case."

Geldert, 3 Haw. App. at 268, 649 P.2d at 1172.

Although the circuit court has the discretion to determine what is reasonable, it must support its denial of costs

with an adequate reason. <u>Wong</u>, 88 Hawai'i at 52, 961 P.2d at 617. At the hearing on the motion regarding taxation of costs, the circuit court stated that "there is some discretion in awarding costs," but failed to provide any reasoning for its denial of several costs incurred by Defendants.

The circuit court abused its discretion when it reduced the amount of taxable costs without adequate explanation or a readily discernible rationale in the record. <u>See Wong</u>, 88 Hawai'i at 52, 961 P.2d at 617.

Therefore,

IT IS HEREBY ORDERED that the Amended Final Judgment entered April 19, 2011 in the Circuit Court of the First Circuit is affirmed as it pertains to the circuit court's orders of March 29, 2010 and June 30, 2010 granting summary judgment to the State of Hawai'i, Stephen H. Levins, and Michael J.S. Moriyama. The August 23, 2010 "Order Granting Plaintiff's Motion for Review and/or To Set Aside Taxation of Costs" is vacated and remanded for recalculation of Defendants' taxation of costs.

DATED: Honolulu, Hawai'i, July 12, 2012.

On the briefs:

Eric A. Seitz
Della A. Belatti
Ronald N.W. Kim
for Plaitniff-Appellant/Cross-
Appellee.

Dennis K. Ferm
Caron M. Inagaki
Deputy Attorneys General
for Defendants-Appellees/Cross-
Appellants.

Presiding Judge

Associate Judge

Associate Judge